# In the United States District Court
# for the District of Kansas

**United States of America**,
        Respondent,

v.                                                   Case No. 15-cr-20020-JAR-5
                                                         (related to 14-cr-20014,
                                                         15-cr-20006, 18-cv-02479)

**Petsamai Phommaseng**,
        Petitioner.

## Motion to Take Custody of AVPC Hard Drives

    The Federal Public Defender asks the Court to order the Government to produce the AVPC hard drives at issue in the *United States v. Black* litigation and as described in the Court's Findings of Fact and Conclusions of Law.[1] We also ask for any related data not previously produced, such as records on chain of custody, storage, physical access, and photographs, and any information necessary to access the hard drives.

    The relevance and value of the AVPC is explained in the Court's Findings of Fact and Conclusions of Law in *United States v. Carter*, 16-cr-20032, D.E. 758 at 129-130. We seek to answer whether any data on the AVPC hard drives can be restored.[2] This information may be relevant to whether the Government actually

---

[1] *Black*, 16-cr-20032-JAR, D.E. 758 at 35.

[2] *Id.* at 130-32.

1

accessed video recordings of attorney-client communication or to identify whether information was lost when the hard drives were wiped.[3]

Forensic Computer Expert Tami Loehrs, who testified at the evidentiary hearing in *Black*,[4] has agreed to examine the unallocated space on the hard drives to determine how much data was overwritten and whether any data is recoverable.[5] The government does not object to releasing the hard drives to the FPD and, if the Court grants this motion, will work with the FPD to transfer custody.

WHERFORE, the Federal Public Defender asks the Court to grant this motion and order the government to produce hard drives and related material within ten days.

---

[3] *Id.132* ("the Court cannot make a finding that metadata or logging information, to the extent it existed in the first place, cannot be restored. Thus, spoliation sanctions are not available under Rule 37(e) for the destruction of information on the AVPC *on this record*.") (emphasis added).

[4] D.E. 758 at 35-36 ("The Court credits the testimony of Tami Loehrs, a forensic computer expert, whose opinion was unrefuted. Loehrs testified that the only reason to have two hard drives on a computer is to use one hard drive for the operating system and one to store data.

[5] See 758 at 131, ("Loehrs, who is a computer forensics expert, further explained the concept of unallocated space on the hard drive and opined that data on a hard drive that has been reformatted is not necessarily unrecoverable. When asked if 'it [is] common to recover either partial or entirely intact files from unallocated space,' Loehrs replied, '[d]o it every day.").

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: melody_brannon@fd.org

s/ Kirk Redmond
KIRK C. REDMOND, #18914
First Assistant Federal Public
Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: kirk_redmond@fd.org

CERTIFICATE OF SERVICE

I certify that on 08/19/2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties and:

Stephen McAllister
United States Attorney
District of Kansas
stephen.mcallister@usdoj.gov

Duston Slinkard
Assistant U.S. Attorney
Chief, Criminal Division
duston.slinkard@usdoj.gov

                              s/ Melody Brannon
                              MELODY BRANNON, #17612